CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 16, 2018

Herbert Russell Meredith
1300 Southview Drive #104
Oxon Hill, MD 20745

Jennifer H. Stinnette, Esq.
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

   RE: *Herbert Russell Meredith v. Commissioner, Social Security Administration*;[1]
     Civil No. SAG-16-3457

Dear Mr. Meredith and Counsel:

  On October 17, 2016, Plaintiff Herbert Russell Meredith petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB"). [ECF No. 1]. I have considered the SSA's Motion for Summary Judgment and Mr. Meredith's response, in addition to arguments made by Mr. Meredith's former attorney during and following the administrative hearing. [ECF Nos. 28, 30]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 4051(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Mr. Meredith filed a claim for DIB on June 1, 2012, alleging a disability onset date of November 13, 2009. (Tr. 139-44). He later amended his alleged onset date to the date of his application. (Tr. 21). His claim was denied initially and on reconsideration. (Tr. 70-73, 78-79). A hearing, at which Mr. Meredith was represented by counsel, was held on April 9, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 19-50). Following that hearing, the ALJ determined that Mr. Meredith was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-14). The Appeals Council denied Mr. Meredith's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

The ALJ found that, through his date last insured of June 30, 2014, Mr. Meredith suffered from the severe impairments of "diabetes mellitus, gout, kidney disease, hypertension, and obesity." (Tr. 11). Despite these impairments, the ALJ determined that Mr. Meredith retained the residual functional capacity ("RFC") to:

> perform light work, as defined in 20 CFR 404.1567(b), except that he can no more than occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs; and no more than frequently balance.

(Tr. 12). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Meredith could perform his past relevant work as a traffic reporter, and, accordingly, was not disabled. (Tr. 14).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Meredith's favor at step one, and determined that he had not engaged in substantial gainful activity between his alleged onset date and his date last insured. (Tr. 11); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Meredith claimed prevented him from working. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ determined that Mr. Meredith's diabetic peripheral neuropathy was not documented in the medical record and therefore was not a medically determinable impairment. (Tr. 11). However, after finding several of Mr. Meredith's other impairments severe, *id.*, the ALJ continued with the sequential evaluation and considered, in assessing Mr. Meredith's RFC, the extent to which his impairments limited his ability to work.

At step three, the ALJ determined that Mr. Meredith's impairments did not meet or medically equal the criteria of any listings. *Id.* In particular, the ALJ considered the listings applicable to diabetes mellitus (9.00), hypertension (4.00(H)(1)), and kidney disease (6.05), but determined that at least one criterion for each listing was not met. *Id.* I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Mr. Meredith's RFC, the ALJ summarized his subjective complaints from his hearing testimony. (Tr. 12). The ALJ then engaged in a review of Mr. Meredith's medical records. (Tr. 13). The ALJ noted, "Objective clinical findings have been essentially normal, and the claimant's chronic conditions are stable and controlled with medication." *Id.* The ALJ also observed that Mr. Meredith "drives his wife to work nearly every day, helps out around the

*Herbert Russell Meredith v. Commissioner, Social Security Administration*
Civil No. SAG-16-3457
April 16, 2018
Page 3

house, remains interested in seeing friends, drove himself to his hearing, and applied to jobs as a truck driver since claiming total disability." *Id.* The ALJ assigned "great weight" to the opinion rendered by the State medical consultant, Dr. W. Hakkarinen, whose opinion is consistent with the RFC assessment. *Id.* The ALJ noted that none of Mr. Meredith's treating providers suggested any additional functional limitations. *Id.*

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Meredith's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported his conclusion with substantial evidence.

Next, relying on the VE's testimony, (Tr. 49), the ALJ determined that a person with Mr. Meredith's RFC would be capable of performing his past relevant work as a traffic reporter. (Tr. 14). In fact, in Mr. Meredith's response, he notes that the reason he left the traffic reporter job was the unsafe vehicle he was asked to drive, not an inability to perform the physical demands of the work. [ECF No. 30]. Accordingly, I find that the ALJ's determination must be affirmed.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, (ECF No. 28), is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge